consent of the creditor, may novate the debt. (Story on Part. § 152–3.) The instructions given for the plaintiff were erroneous.

The law now allows a party to a suit to examine any adverse party. Shields was an adverse party to the plaintiff, though we can see that he was a willing witness for him. A codefendant, who is primarily liable for the debt claimed, is a competent witness for the plaintiff. (Bank of Charleston v. Emerie, 2 Sand. 718.)

As the defendant Shields did not join the appeal, there was a right to sever him. (Perry v. Block et al., 1 Mo. 342.)

Judge Ewing concurring, the judgment is reversed and the cause remanded. Judge Napton absent.

———◄◦◦►———

FAGAN, Respondent, v. LONG, Appellant.

1. Fagan v. Long, ante, p. 222, affirmed.

*Appeal from St. Louis Law Commissioner's Court.*

*Farish,* for appellant.

*C. C. Simmons,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

This case is like that of Fagan v. Shields and Long, decided at this term.

Judge Ewing concurring, judgment reversed and cause remanded. Judge Napton absent.

———◄◦◦►———

BAKER, Respondent, v. BLOCK *et al.,* Appellants.

1. A party who writes his name on the back of a promissory note of which he is neither payee nor endorsee, is, *prima facie,* a maker of the note, and the payee is entitled to recover against him without proof of demand on the maker and notice of nonpayment.